**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

R.R. DONNELLEY ARGENTINA, S.A.                Chapter 15

        Debtor in a Foreign Proceeding.              Case No.: 18-10862

_____/

**MOTION FOR ORDER GRANTING
RECOGNITION OF FOREIGN MAIN PROCEEDING
PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE**

Mario Osvaldo Risso (the "Foreign Representative"), the duly appointed liquidator of R.R. Donnelley Argentina, S.A. ("Donnelley" or "Debtor"), files this *Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Motion"), seeking entry of an Order granting (i) recognition of Donnelley's court-approved liquidation pending before the 19th Commercial Court of Buenos Aires (the "Argentine Court"), Case No.  059490 (the "Foreign Proceeding"), pursuant to 11 U.S.C. § 1517[1]; (ii) related relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (iii) any other and further relief which may be available under the Bankruptcy Code.  In support of the Motion, the Foreign Representative respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      The Foreign Representative files the Chapter 15 Petition for Recognition of a Foreign Proceeding (the "Petition") [D.E. 1], pursuant to section 1504 of the Bankruptcy Code seeking recognition of the Foreign Proceeding as a "foreign main proceeding" as defined in section

_____

[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

1502(4).

2.      The Declaration of the Foreign Representative (the "Declaration"), made under penalty of perjury, addressing the requirements of § 1515(c) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007(a)(4), is attached hereto as **Exhibit "A".**

3.      Pursuant to section 1515(b)(1), the certified copy of the order commencing the Foreign Proceeding is attached as **Exhibit "B".**

4.      A certified copy of the decision appointing the Foreign Representative, as well as the order of the Argentine Court authorizing and instructing the Foreign Representative to take steps in the United States to effect the repatriation of Donnelley's funds in the United States to Argentina is attached as **Composite Exhibit "C"**.

5.      The Petition, this Motion, and the accompanying Declaration demonstrate that the Foreign Proceeding should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

**6.**      The Foreign Representative seeks the type of relief that Chapter 15 was designed to provide, and the Foreign Proceeding and this Motion meet all the requirements for recognition and the requested relief.

## <u>JURISDICTION AND VENUE</u>

7.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 of the Bankruptcy Code.

8.      This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

9.      Donnelley's center of main interests is in Argentina, as it is incorporated in Argentina and had its headquarters, owned one publishing warehouse, and employed over four

hundred employees in Argentina.

10.    Venue is proper in this district under 28 U.S.C. § 1410 as, among other things, Donnelley holds in this district approximately $15,000 deposited on retainer with Sequor Law, P.A.

## BACKGROUND

11.    Donnelley, a prominent company in the Argentine publishing industry, owned a publishing warehouse and employed over 400 employees in Argentina. Decl. ¶3.

12.    On August 11, 2014, after 22 years of operation, Donnelley filed a bankruptcy petition before the Argentine Court, on the ground that it was insolvent due, in part, to the Argentine economic crisis. Decl. ¶4. The Argentine Court granted Donnelley's petition on the same day, commencing the Foreign Proceeding. Id. See also Ex. B.

13.    The Argentine Court appointed two firms to act as liquidators of Donnelley: (i) Risso, Plastina y Asociados, represented by Miguel Angel Plastina and Mario Osvaldo Risso; and (ii) Rego Saavedra, represented by Ana Cecilia Rego and María Concepción Saavedra. Decl. ¶5. See also Ex. C. Both firms share the duties of Donnelley's liquidation. Decl. ¶5.

14.    Based on the liquidators' investigation of the affairs, assets, and liabilities of Donnelley, it appears Donnelley has a bank account with Citibank, N.A. in the United States (the "Citibank Account"). Decl. ¶6.

15.    Accordingly, on October 13, 2017, the Argentine Court issued an order authorizing and directing Foreign Representative to take steps to effect the repatriation of the funds in the Citibank Account to Argentina. Decl. ¶7; see also Ex. D.

16.    Consequently, Foreign Representative seeks recognition under Chapter 15 of the Bankruptcy Code to communicate with Citibank regarding the Citibank Account and to take steps

to repatriate the funds to the Foreign Proceeding in accordance with the order of the Argentine Court. Decl. ¶8.

## **BASIS FOR RECOGNITION**

17.    The Foreign Representative has satisfied each of the requirements for recognition of the Foreign Proceeding and the Foreign Representative under Chapter 15 of the Bankruptcy Code, as follows:

(a)    The Foreign Representative qualifies as a "foreign representative" under section 101(24) of the Bankruptcy Code by virtue of his appointment as liquidator by the Argentine Court in the Foreign Proceeding.

(b)    The Foreign Proceeding qualifies as a "foreign proceeding" under section 101(23) of the Bankruptcy Code because it is a judicial proceeding pending in an Argentine court under the bankruptcy laws of Argentina for the purpose of liquidation. See Ex. B.

(c)    The Foreign Proceeding further qualifies as a "foreign main proceeding" because the Foreign Proceeding is a foreign proceeding pending in Argentina, which is Donnelley's center of main interest.

(d)    To the extent section 109(a) of the Bankruptcy Code applies in Chapter 15 cases, Donnelley qualifies as a "debtor" under section 109(a) because Donnelley is the subject of a foreign proceeding and has assets in the United States, which include a retainer on deposit with the law firm Sequor Law, P.A.

(e)    Lastly, this Motion is accompanied by the Statement required by section 1515(c) and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure, the Argentine Court's order granting the court-approved liquidation of Donnelley, and the Argentine Court's order appointing the Foreign Representative as liquidator.  See Exs. A-C.  Further, the Motion is

accompanied by the Argentine Court's order expressly directing Foreign Representative to take actions in the United States to obtain control and repatriate the funds in the Citibank Account. See Ex. D.

### RELIEF REQUESTED

18.    By this Motion, the judicial administrator requests an Order pursuant to sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached hereto as **Exhibit "D"**, granting the following relief:

(a)    Recognizing the Foreign Proceeding as a "foreign main proceeding" and the liquidator, Mario Osvaldo Risso, as the Foreign Representative of Donnelley;

(b)    Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

(c)    Granting the following additional relief under section 1521 of the Bankruptcy Code:

(1)    staying the commencement or continuation of any action or proceeding without the consent of the Foreign Representative concerning rights, obligations or liabilities of Donnelley and Donnelley's estate to the extent not stayed under section 1520(a) of the Bankruptcy Code;

(2)    staying execution against Donnelley, to the extent not stayed under § 1520(a);

(3)    suspending the right to transfer or otherwise dispose of any assets of Donnelley to the extent this right has not been suspended under section 1520(a);

(4)    providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of Donnelley

and Donnelley's estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5)    entrusting the administration or realization of all of the assets of Donnelley within the territorial jurisdiction of the United States to the Foreign Representative;

(6)    entrusting the distribution of all or part of the assets of Donnelley located within the United States to Foreign Representative;

(7)    otherwise granting comity to and giving full force and effect to the Orders of the Argentine Court, including, without limitation, those attached hereto as **Exhibits "B" and "C"**, and

(d)    granting the Foreign Representative such other and further relief as this Court may deem just and proper.

## <u>CONCLUSION</u>

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: January 24, 2018                    Respectfully submitted,

                                           **SEQUOR LAW, P.A.**
                                           1001 Brickell Bay Dr., 9th Floor
                                           Miami, Florida 33131
                                           Telephone: (305) 372-8282
                                           Facsimile: (305) 372-8202
                                           Email: alacayo@sequorlaw.com
                                                       cvicens@sequorlaw.com


                           By:    /s/ Arnoldo B. Lacayo
                                  Arnoldo B. Lacayo
                                  Florida Bar No.: 675482
                                  Cristina Vicens Beard
                                  Florida Bar No.: 111357

*EXHIBIT "A"*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

R.R. DONNELLEY ARGENTINA S.A.                    Chapter 15

     Debtor in a Foreign Proceeding.          Case No.:
_____/

## DECLARATION OF MARIO OSVALDO RISSO IN SUPPORT OF CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN PROCEEDING

I, Mario Osvaldo Risso, hereby declare under penalty of perjury under the laws of the United States as follows:

1.      I am over the age of 18 and I am competent to make this Declaration. All statements contained herein are true and correct to the best of my knowledge and belief, my review of the relevant documents and from conversations with relevant personnel. If called upon, I could testify as to all matters set forth in this Declaration based upon my own personal knowledge, except for those portions specified as being otherwise.

2.      As, the court-appointed liquidator of R.R. Donnelley Argentina, S.A. ("Donnelley" or "Debtor"), I hereby submit this Declaration in support of the Chapter 15 Petition for Recognition of a Foreign Proceeding (the "Petition") and the Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code (the "Motion for Recognition"),[1] seeking entry of an Order granting (i) recognition of the Argentinian Proceeding as a "foreign main proceeding" pursuant to section 1517 of the Bankruptcy Code; (ii) related relief

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion for Recognition being filed together herewith.

under sections 1520 and 1521; and (iii) other applicable relief under the Bankruptcy Code.

3.     R.R. Donnelley Argentina, S.A. ("**Donnelley**" or "**Debtor**") was a prominent Argentine company in the publishing industry, which was in the business of publishing books, brochures, catalogues, magazines, and other publications.  Its publishing warehouse was located at Ruta Panamericana, Km. 36,700, Localidad de Garín, Partido de Escobar, Provincia de Bueno Aires, Código B1619JWA, Argentina. Donnelley had over 400 employees.

4.     On August 11, 2014, after 22 years in operation, Donnelley filed for bankruptcy before the 19th Commercial Court of Buenos Aires (the "Argentine Court"), on the grounds that Donnelley had been severely affected by the Argentine economic crisis and was insolvent.  The Argentine Court declared Donnelley's bankruptcy the same day (the "Foreign Proceeding").

5.     On August 22, 2014, the Argentine Court appointed as liquidator the firm of Risso, Plastina y Asociados, represented by Miguel Angel Plastina and me. In addition, the Argentine Court appointed as liquidator the firm of Rego Saavedra, represented by Ana Cecilia Rego and María Concepción Saavedra. Both firms share the duties of the Debtor's liquidation, per the Argentine Court's instructions.

6.     Based on the liquidators' investigation of the affairs, assets, and liabilities of Donnelley, which is ongoing, it appears Donnelley has a bank account with Citibank, N.A. in the United States.

7.     Based on this information, on October 13, 2017, the Argentine Court issued an order authorizing and directing me to take steps to effect the repatriation of the funds in the Citibank account to Argentina, to be distributed amongst the creditors in the Foreign Proceeding.

8.     Accordingly, I am seeking recognition to communicate with Citibank regarding Donnelley's bank account in that institution, and to take steps to repatriate the funds to the Foreign

Proceeding in accordance with the Argentine Court's order.

### Compliance with Federal Rule of Bankruptcy Procedure 1007(a)(4)

9.      Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(4), I hereby disclose the following information:

a.      I, Mario Osvaldo Risso, am the duly appointed liquidator in the Foreign Proceeding and the authorized foreign representative of Donnelley;

b.      My address is as follows:

> Mario Osvaldo Risso
> Risso, Plastina y Asociados
> Calle Pumacahua 279, Piso 2º
> Buenos Aires, Argentina

For purposes of this Bankruptcy Case, I respectfully request that any correspondence be sent, in addition to the address provided above to:

> Attn:  Arnoldo B. Lacayo
> Cristina Vicens Beard
> Sequor Law, P.A.
> 1001 Brickell Bay Drive, 9th Floor
> Miami, Florida 33131

c.      Donnelley is not a party to any other litigation in the United States.

d.      No provisional relief is being sought under 11 U.S.C. § 1519 against any particular entity or person at this time.  However, as Donnelley's liquidator, I reserve the right to seek provisional relief as needed.

## Section 1515(c) Statement

10.     Other than this Chapter 15 Petition, I am not aware of any foreign proceedings of

Donnelley, as that term is defined under section 101(23) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.


Dated this 22 of January, 2018

_____

Mario Osvaldo Risso

Liquidator of R.R. Donnelley Argentina S.A.,
company in court-approved liquidation.

*EXHIBIT "B"*

*Poder Judicial de la Nación*



R.R. DONNELLEY ARGENTINA S.A. S/ PROPIA QUIEBRA
059490

J.19/S.37

Buenos Aires, 11 de agosto de 2014.

      <u>Y VISTOS</u>:

      I) Por presentado, parte y por constituído el domicilio legal indicado.

      II) 1. Agréguense los Anexos acompañados y por acreditada la representación invocada.

      Toda vez que se encuentran reunidos los extremos exigidos por los 77, 78, 83 y 84, y 6, de la LCQ., <u>RESUELVO</u>

      2. Declarar en quiebra a "R.R. DONNELLEY ARGENTINA S.A.", CUIT: 30-65180688-3, inscripta en la Inspección General de Justicia bajo N° 1575, L° 110 T° A de Sociedades por Acciones el 06.03.1992, con domicilio en Av. L. Alem 928, piso 7°. of. 721, de Capital Federal.

      3. De acuerdo con lo dispuesto por los arts. 88



y 253 de la LCQ., corresponde clasificar esta quiebra como "Proceso A" (Acuerdo de la Excelentísima Cámara Comercial del 27/9/95, Reglamento para la inscripción y formación de listas de síndicos, enajenadores y estimadores en procesos concursales").

Señálase audiencia para el día **13 de Agosto de 2014** a las **11.30 horas** a los fines de efectuar el sorteo del síndico que entenderá en estas actuaciones, el que deberá ser desinsaculado del listado correspondiente "Sindicaturas A".

Dada la premura que objetivamente presenta el caso y la necesidad de adoptar medidas urgentes, dispónese citar a todos los síndicos en condiciones de ser designados (4 estudios), a presenciar el sorteo correspondiente, a fin de que aquel que resulte desinsaculado pueda aceptar el cargo en el acto e iniciar de inmediato las labores pertinentes.

Notifíquese por Secretaría con habilitación de días y horas y en el día y con carácter urgente.

4. Publicar edictos por cinco días en el Boletín Oficial, y en el diario de publicaciones legales de la Pcia. de Buenos Aires en los que constarán los *items* 1, 3, 4, 5 y 7 del art. 88 de la ley concursal y los acápites 5 y 6 de la presente.

Hágase saber a la sindicatura que dentro de las 24 horas de notificada deberá retirar el edicto correspondiente a la jurisdicción provincial a los fines de su diligenciamiento, bajo apercibimiento de remoción.

5. Fijar plazo hasta el **8 de octubre de 2014** para que los acreedores soliciten la verificación de sus

créditos al síndico. .

6. El síndico presentará los informes previstos en los arts. 35 y 39 de la ley 24.522 los días 20 de **noviembre de 2014 y 8 de Febrero de 2015**, respectivamente.

El citado funcionario, de conformidad con lo establecido en las actuaciones caratuladas "Sindicaturas Ley 24.522, informatización de la gestión", en trámite ante la Excelentísima Cámara Nacional de Apelaciones en Comercial, además de presentar los informes previstos en los arts. 35 y 39 de la ley 24.522, por escrito, en soporte papel como hasta el presente para ser incorporados al expediente, deberá incluir tales informes en la Página Web del Consejo Profesional de Ciencias Económicas (según sistema desarrollado por tal institución), tal cual fuera dispuesto en el punto IX del Acuerdo celebrado por la Excelentísima Cámara el 29.08.07 y conforme lo dispuesto por la Presidencia del Tribunal el 04.06.08.

Asimismo, en el informe previsto en el art. 35 de la LCQ., el síndico deberá emitir opinión en función de los elementos aportados por los interesados -insinuantes y deudor/a-, arrimando indefectiblemente cuanta información útil resulte de una contabilidad bien, regular o mal llevada, realizando todas las compulsas necesarias en los libros y documentos del deudor y, en cuanto corresponda, en los del acreedor (LCQ. 33), bajo apercibimiento de sanción en caso de incumplimiento.

7. Intimar a la deudora para que entregue al síndico sus libros, papeles y bienes que tuviera en su poder, dentro de las 24 horas (art. 88 inc. 4° de la ley falencial).

MARIA FERNANDA MAZZONI
Secretaria

8. Impedir la salida del país del presidente y directores de la sociedad, Sres. Luis Jarlsson Bring (pasaporte N° 85.799.591) y **Claudio Raúl Vergara y Roberto Antonio Rivas** -respectivamente-, hasta el **8 de Febrero de 2015** sin previa autorización del Tribunal (art. 103 de la ley concursal). A dicho fin, el síndico deberá librar oficio al Registro Nacional de Aptitud Migratoria, al cual deberá adjuntarse el formulario N° 1, emitido por dicha dependencia, pieza que se encuentra en el sitio web www. migraciones.gov.ar, debiendo consignar en el mismo como condición indispensable: a) medida dictada; b) el número de causa; c) la autoridad que solicita el registro; d) apellido y nombre de las personas sobre la que recae la medida; y e) el DNI o fecha de nacimiento.

Y ordenar que la sindicatura en el plazo de 48 hs. indique sobre la existencia de otros integrantes del directorio que pudieran merecer la interdicción de la salida del país.

9. Oficiar a la Excma. Cámara Nacional de Apelaciones en lo Comercial, a la Inspección General de Justicia, al Registro de Juicios Universales y al Banco Central de la República Argentina para que comunique la inhabilidad de la fallida para operar en el sistema financiero sometido a su contralor, y proceder a la indisponibilidad de sus fondos que pudieran hallarse en alguna de las instituciones que componen el mismo.

10. Decretar la inhibición general de bienes de la fallida, para cuya anotación se oficiará y/o librará testimonio a los registros pertinentes.

Se hace saber a la sindicatura que deberá

proceder a la inmediata traba de estas medidas, bajo pena de remoción. A dicho fin líbrese oficio.

Asimismo hácese saber a los registros respectivos que la medida precedentemente decretada no se encuentra sujeta al plazo de caducidad previsto por el cpr. 207, seg. párr., y normas registrales correspondientes, por no tratarse en la especie de una medida cautelar decretada en un proceso de ejecución singular, sino de una tendiente a hacer efectivo el desapoderamiento de pleno derecho en los términos del art. 106 de la ley 24.522 propio del trámite concursal, el cual no tiene un período de vigencia determinado, toda vez que lleva consigo la imposibilidad de que el fallido pueda administrar o disponer de esos bienes, y se funda en la necesidad de conservar la integridad del patrimonio, hasta el día que cesa el estado de la quiebra.

Asimismo, dispónese la inhabilitación de la fallida y en su caso de los administradores, a cuyo fin ofíciese a la I.G.J. (arts. 234 y 235 de la ley 24.522).

11. Ordenar la intercepción de la correspondencia de la fallida para ser entregada al síndico, a cuyo fin se oficiará a Correo Argentino SA.

12. Prohibir los pagos y entrega de bienes a la fallida, so pena de considerarlos ineficaces e intimar a quienes tengan bienes y documentación de la misma para que los pongan a disposición del síndico en cinco días.

13. Disponer que el síndico de inmediato proceda -previa constatación de que no sea vivienda y que se trate de locación exclusivamente atribuible a la fallida- a la clausura de la sede social y de la totalidad de los locales y/o establecimientos de la deudora, librándose mandamientos



CERTIFICO... LA PRESENTE... QUE TENGO A LA VISTA... MARIA FERNANDA MAZZONI Secretaria

de estilo -en su caso ley 22.172- que deberá confeccionar funcionario (art. 177 LCQ.) y proceder, en su caso, a su inmediato diligenciamiento como oficial de justicia ad hoc con habilitación de días y horas inhábiles.

Asimismo, el citado funcionario podrá requerir los servicios de un cerrajero en caso necesario, debiendo retrotraer el inmueble a las condiciones de seguridad en que los halló. Consignará en Secretaría las llaves pertinentes; informará sobre las condiciones de seguridad y, de apreciarlo necesario, requerirá la consigna policial pertinente, informándolo. Procederá a la colocación de las fajas respectivas.

Para proceder a la clausura e inventario de libros, papeles y bienes que se encuentren en el inmueble ubicado en el Km. 24.500 de la Ruta Panamericana en la localidad de Garín, del Ptdo. de Escobar, Provincia de Buenos Aires, se librará oficio al juez que corresponda a los efectos de que se sirva ordenar mandamiento de estilo, que deberá ser diligenciado con habilitación de días y horas inhábiles y en el día por oficina de guardia, -en su caso- y devuelto dentro de los tres días.

En la misma diligencia -en la que deberá intervenir la sindicatura- se procederá a la incautación de los libros, papeles y bienes que se encuentren en el lugar; se constatará el estado de ocupación y se identificará a eventuales ocupantes requiriéndoles asimismo el título respectivo.

El oficial de justicia deberá realizar un inventario de los bienes el cual comprenderá sólo rubros generales.

El síndico queda autorizado a proponer o sugerir al oficial de justicia las diligencias que estime pertinente para el cumplimiento de los fines indicados.

Tratándose de un domicilio en extraña jurisdicción el oficio ordenado precedentemente deberá ser diligenciado de inmediato por la sindicatura.

Asimismo, ordénase que se proceda al inventario detallado de los bienes, con intervención del escribano, a cuyo fin se procede a la designación de un profesional, de acuerdo al orden establecido por el Reglamento del Fuero, art. 168 y al sorteo efectuado por el Superior, y según las listas provistas por la Excma. Cámara, recayendo la misma en el **escribano Sr. MOLINA JAVIER ISAAC** con domicilio en Lavalle 556 piso 1° "A", de ésta Ciudad, TE: 4322-7456.

El escribano interviniente, de conformidad con lo establecido en el art. 177 de la ley falencial, deberá proceder a la realización del inventario de bienes de la fallida, debiendo aceptar el cargo por ante la Sra. Actuaria dentro de los dos días de notificado y presentará el inventario en tres ejemplares dentro de los treinta días, bajo apercibimiento de remoción. Deberá practicar el inventario individualizando con claridad y precisión el contenido material del activo ajustándose estrictamente al siguiente orden: a) dinero en efectivo; b) títulos y acciones; c) letras, pagarés y demás documentos de crédito; d) bienes raíces; e) mercaderías; f) materia prima; g) productos en curso de fabricación; h) maquinarias; i) muebles y útiles; j) número, clase y estado de los libros comerciales; k) papeles comerciales en general; l) otros.

Notifíquese por Secretaría.

MARIA FERNANDA MAZZONI
Secretaria

**14.** Intimar a la fallida y sus administradores, para que dentro de las 48 horas de notificados constituyan domicilio procesal en el lugar de tramitación, bajo apercibimiento de tenerlo por constituído en los estrados del Juzgado.

**15.** Dentro de los veinte días corridos contados a partir de la notificación de la presente, la sindicatura informará inexcusablemente sobre la posibilidad de continuación de la empresa y la conveniencia de enajenarla en marcha (art. 190 ley de concursos).

**16.** Colóquese copia en el legajo previsto por el art. 279 de la ley falencial.

**17.** Sin perjuicio de las facultades investigativas de la sindicatura tendientes a determinar el patrimonio de la fallida, extráiganse por Secretaría informes de dominio de las páginas web del registro de la propiedad inmueble y automotor.

**18.** Oportunamente, con la copia certificada del decreto de quiebra, fórmese incidente de enajenación de bienes.

**19.** En cuanto a la medida requerida en el pto. VII del escrito que antecede, tendiente al resguardo de la integridad de los bienes pertenecientes a la fallida, dado que la Planta Industrial de ésta se encuentra ubicada en la Pcia. de Buenos Aires, cabe señalar que el suscripto carece de competencia para disponer directamente de las fuerzas de seguridad en esa jurisdicción u otras medidas análogas (doctrina art. 258, seg. párr., LCQ.)

Consecuentemente, en atención al decreto falencial que se dispone en la fecha, líbrese oficio

conforme a la ley 22.172, a fin de que el Juzgado de Turno

de la Jurisdicción que corresponda, proceda con la urgencia

que el caso requiere, a disponer consigna policial en la

planta industrial de la empresa **"R.R. DONNELLEY ARGENTINA

S.A."**, sita en el Km. 24.500 de la Ruta Panamericana, de la

localidad de Garín, Pcia. de Buenos Aires, para que se

impida el ingreso de toda persona que no se encuentre

autorizada por este tribunal o, en su hora, la sindicatura.

A los fines dispuestos precedentemente y hasta

tanto acepte el cargo el síndico, el oficio dispuesto

precedentemente podrá ser diligenciado por las personas

autorizadas por la fallida en el pto. IX. (arg. art. 110,

prim. párr., LCQ.), debiendo acreditar ello en el término de

tres días.

GERARDO D. SANTICCHIA

JUEZ

En la fecha se cumplió lo requerido a el punto 17 y se

libraron dos oficios.

M. FERNANDA MAZZONI

SECRETARIA

ANA
TRADUCTORA P
MAT. C.T.P.
INSCRI

ANA C
TRADUCTORA PUE
MAT. C.T.P.C.E
INSCRIPC

CICCONI
BLICA IDIOMA INGLES
S.A. T° VIII F° 94
CION N° 1721

CCONI
LICA IDIOMA INGLES
3.A. T° VIII F° 94
ION N° 1721

**TRADUCCIÓN PÚBLICA [CERTIFIED TRANSLATION]** ----------------------------

Argentine Judiciary --------------------------------------------------------------

At the top of all pages there is a seal that reads :) Court of First Instance on Commercial Matters in and for the City of Buenos Aires No. 19.  The Judiciary. Republic of Argentina. Court Clerk's Office No. 37. ------------------------------------

(At the bottom of all pages there is a seal that reads :) I do hereby certify that it is a true copy of the original document which I have before me. There is an illegible signature followed by a seal that reads:) María Fernanda Mazzoni. Court Clerk.----------------------------------------------------------------------

**R.R. DONNELLEY ARGENTINA S.A. S/PROPIA QUIEBRA. (R.R. Donnelley Argentina S.A. for Voluntary Bankruptcy Proceedings) 059490**-------------

Buenos Aires, August 11, 2014. ------------------------------------------------

**WHEREAS,** --------------------------------------------------------------------

I) The Party herein is considered a party to this action and its domicile be considered duly established.  -----------------------------------------------------------

II) 1.  The attached exhibits are added and the capacity as attorney for the Petitioner is deemed duly shown. ----------------------------------------------------

In so far as the requirements established by sections 77, 78, 83 and 84, and 6, of the LQC (Bankruptcy and Reorganization Proceedings Law) are met, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:** ----------------

2. To adjudge bankruptcy to **R.R. DONNELLEY ARGENTINA S.A.** CUIT (Tax Identification Number) 30-65180688-3, registered with the *Inspección General de Justicia* (Superintendency of Bodies Corporate) on March 6, 1992 under No.  1575, Book 110 of Volume A – Stock Companies. Its name arises from the Articles of Incorporation, with premises at Av. Leandro N. Alem 928, Piso 7 oficina 721, City of Buenos Aires. -----------------------------------------------

3. As set forth in Sections 88 and 253 of the LCQ, this bankruptcy is classified as "Process A." (Agreement made by the Commercial Court of Appeals dated September 27, 1995, Rule for the registration and appointment of trustees in bankruptcy, transferors and individuals in charge of estimations in bankruptcy proceedings) ------------------------------------------------------------------

A hearing shall be held on August 13, 2014 at 11.30 am, for drawing lots to act as trustee in bankruptcy in these proceedings, by random drawing the name from the List entitled "Trustees in Bankruptcy A."----------------------------

Given the urgency of the case and the need to take imperative measures, it is hereby ordered to summon all the trustees in bankruptcy who are eligible to

ICCONI
LICA IDIOMA INGLES
i.A. T° VIII F° 94
ON N° 1721

ANA CIC
TRADUCTORA PUBLIC
MAT. C.T.P.C.B.A
INSCRIPCIOI

be appointed (4 offices), to be present at the relevant drawing so that the individual whose name is drawn may accept the position and immediately start performing the relevant duties. ----------------------------------------------------
Notice hereof shall be given by the Court Clerk's Office with authorization to treat as juridical days and hours those days and hours which are otherwise not, and to be treated with outmost urgency. -------------------------------------------
4. Notices shall be published for five days in the Official Gazette and in the journal of legal publications of the Province of Buenos Aires; paragraphs 1, 3, 4, 5 and 7 of Section 88 of the Bankruptcy and Reorganization Proceedings Law and Items 5 and 6 of this Decree shall be included thereat. -------------------
The trustee in bankruptcy is hereby informed that within the term of 24 hours following notice, it shall take the relevant notification of summons corresponding to the provincial jurisdiction for its execution, with the warning that otherwise it may be removed. -------------------------------------------
5. The time limit for creditors to request the proof of their claims to the trustee in bankruptcy is October 8, 2014. -----------------------------------------------
6. The trustee in bankruptcy shall submit the reports on November 20, 2014 and February 8, 2015, respectively, as established in Sections 35 and 39 of Law No. 24,552.--------------------------------------------------------------------------
As established in the case entitled "*Sindicaturas Ley 24.522, informatización de la gestión*" (Trustees in Bankruptcy pursuant to Law No. 24,522, management computerization) being heard by Commercial Court of Appeals in and for the City of Buenos Aires, the officer, in addition to submitting the reports mentioned in Sections 35 and 39 of Law No. 24,522, in writing in hard copies to be added to the file - as it has been done so far- shall upload such reports to the Website of the *Consejo Profesional de Ciencias Económicas* (Professional Association of Economic Sciences) (under the system developed by it) as provided for in Paragraph IX of the Agreement made by the Court of Appeals on August 29, 2007 and as ordered by the Court's Chief Justice on June 4, 2008. -------------------------------------------------------------
Furthermore, the report required by Section 35 of the LCQ, prepared by the trustee in bankruptcy shall include an opinion based on the elements furnished by the parties concerned – the parties whose proof of claims are requested and the Debtor – providing as much useful information as possible that results from the proper, regular or fair accountancy, making all the necessary examinations and comparisons of the Debtor's books and

ANA CI
TRADUCTORA PUBL
MAT. C.T.P.C.B.
INSCRIPCIÓ

documents and those of the Creditor, as appropriate  (LCQ No. 33), duly warned of the penalties for non-compliance. --------------------------------------------

7. Notice shall be served upon the Debtor so that it forwards to the trustee in bankruptcy any books, documents and assets in its possession, within the term of 24 hours. (Section 88, subsection 4 of the Bankruptcy and Reorganization Proceedings Law.) --------------------------------------------------

CONI
A IDIOMA INGLES
Tº VIII Fº 94
₹ Nº 1721

8. The President and directors of the company, Messrs. Luis Jarlsson Bring (Passport No. 85.799.591) and Claudio Raul Vergara and Roberto Antonio Rivas, respectively, shall be prohibited from leaving the country until February 8, 2015 without prior authorization of the Court. (Section 103 of the Bankruptcy and Reorganization Proceedings Law.) For such purpose, the trustee in bankruptcy shall issue an official letter to the *Registro Nacional de Aptitud Migratoria* (National Record of Migration Capacity), enclosing thereof Form 1 issued by such government agency, available at www. migraciones.gov.ar. The following shall be mandatorily included: a) measure ordered; b) number of legal action; c) the authority who requests registration with the record; d) name and surname of the individuals against whom the measure is imposed and e) DNI (ID) or date of birth. --------------------------------

Furthermore, it is hereby ordered that the trustee in bankruptcy within the term of 48 hours gives an account about the existence of other members of the board of directors who may also be prohibited from leaving the country. -

9. Official Letters shall be sent to the Commercial Court of Appeals in and for the City of Buenos Aires, the *Inspección General de Justicia* (Superintendency of Bodies Corporate), *Registro de Juicios Universales* (Register of proceedings in which all the assets of a debtor are under the court's scrutiny) and to *Banco Central de la República Argentina* (Central Bank of Argentina) to inform about the bankrupt's inability to carry out transactions in the financial system subject to its control, and shall proceed to make unavailable any funds deposited in any such financial institutions. ------------------------------

10. The legal disqualification from disposing of property is ordered by this court; for registration thereof, an official letter and/or certified copy shall be issued to the relevant Registries. ------------------------------------------------------------

The trustee in bankruptcy is hereby informed that is shall promptly make effective these measures, under penalty of removal. For such purpose, an official letter shall be issued. ------------------------------------------------------------

.CONI
ICA IDIOMA INGLES
A. T° VIII F° 94
N N° 1721

Moreover, the relevant registries shall be informed that the precautionary remedy ordered herein is not subject to the time limit established in *cpr.* 207, second paragraph and the relevant rules for registration, since it is not a precautionary remedy ordered in a singular enforcement proceeding but one ordered for the actual physical transfer of possession by operation of law pursuant to Section 106 of Law No. 24.522, which is inherent to bankruptcy formalities, at which there is no time limit since the bankrupt is unable to administer or dispose of its property; also, it is based on the need to protect the integrity of the assets until its discharge from bankruptcy.--------------------

ANA C
TRADUCTORA PU
MAT. C.T.P.C.
INSCRIPC

Furthermore, it is hereby ordered the complete disqualification of the bankrupt and as appropriate, its administration. For such purpose, an official letter shall be issued to the *Inspección General de Justicia* (Superintendency of Bodies Corporate). (Pursuant to Sections 234 and 235 of Law No. 24,522.)-----

11. It is hereby ordered that the bankrupt's mail be intercepted and delivered to the trustee in bankruptcy. For such purposes, an official letter shall be issued to Correo Argentino SA.----------------------------------------------------------------------

12. It is hereby ordered to prohibit making payments and delivering assets to the bankrupt, under the penalty of being held inefficient and to require those in possession of the bankrupt's assets and documents, to furnish the same to the trustee in bankruptcy within a term of five days. --------------------------------

13. It hereby ordered that the trustee in bankruptcy - **upon verification that the property is not the dwelling and is only used as premises of the bankrupt**- proceeds to the closure of the principal place of business and of all the debtor's premises and/or branches, with the relevant orders – pursuant to Law No. 22,172, to be prepared by the officer (Section 177, LCQ) and to promptly process them as an *ad oc* officer of the court and treat as juridical days and hours those days and hours which are otherwise not. -------

Likewise, if necessary, the officer may request the services of a locksmith, and shall leave the property in its original conditions in terms of security. The relevant keys shall be deposited at the Court Clerk's Office. The officer shall inform regarding the security conditions and if deemed appropriate, the officer shall request the relevant police check, informing such decision. The officer shall place the corresponding "access denied bands." ----------------------

In order to proceed to closing inventory recorded in books, documents and assets in the property located at Ruta Panamericana Km. 24.500, City of Garín, District of Escobar, Buenos Aires Province, an official letter shall be

AN
TRADUCTOR/
MAT. C.T.
INSCI

issued to the relevant judge so that the judge issues the customary court order. For the fulfillment of the actions required, it shall be treated as juridical days and hours those days and hours which are otherwise not, and on the same day through the office open outside juridical hours, as

:ICCONI
3LICA IDIOMA INGLES
3.A. T° VIII F° 94
'ION N° 1721

appropriate, and to be returned in no more than three days. ---------------------- During the performance of those actions –where the trustee in bankruptcy shall be involved – the books, documents and assets found at the place shall be seized; the condition of occupancy shall be recorded and the occupants shall be identified by requesting them to submit the relevant documents. ------ The officer of the court shall prepare an inventory of the books which shall only include general entries.-------------------------------------------------------------- The trustee in bankruptcy is hereby authorized to propose or suggest to the officer of the court going through such formalities as he/she deems relevant for the fulfillment of the purposes mentioned. ----------------------------------------- Since one of the addresses corresponds to a different jurisdiction, the official letter ordered above, shall be promptly processed by the trustee in bankruptcy.----------------------------------------------------------------------------- Furthermore, it is hereby ordered the preparation of a detailed inventory of assets in the presence of an *Escribano* (Civil-Law Notary Public); for such purpose an *Escribano* (Civil-Law Notary Public) is appointed following the order established in the relevant Rule, section 168, and drawing of lots by the Higher Court, according to the lists provided by the Court of Appeals. Having lots been drawn, *Escribano* (Civil-Law Notary Public) MOLINA JAVIER ISAAC domiciled at Lavalle 556 piso Io "A", Buenos Aires, tel 4322-7456, is hereby appointed. ------------------------------------------------------------------------- As provided for in Section 177 of the Bankruptcy and Reorganization Proceedings Law, the *Escribano* (Civil-Law Notary Public) shall prepare the inventory of the Bankrupt's assets. The *Escribano* (Civil-Law Notary Public) shall previously accept the office for which he has been appointed before the Court Clerk within two days following notice thereof. He/she shall submit three copies of the inventory within thirty days under penalty of removal. The inventory shall clearly and accurately itemize the assets strictly in the following order: a) cash; b) securities and shares; c) bills, promissory notes and other credit instruments; d) real property; e) merchandise; f) raw material; g) products in process of being manufactured; h) machinery; i)

:S

paragraph, LCQ.)  Evidence thereof shall be submitted within the term of three days. ------------------------------------------------------------------------

There is an illegible signature followed by a seal that reads :) Gerardo D. Santicchia. Judge.----------------------------------------------------------------------

:CONI
CA IDIOMA INGLES
: Tº VIII Fº 94
N Nº 1721

On the date hereof the requirement established in item 17 has been complied with and two official letters have been issued. ------------------------------------

(There is an illegible signature followed by a seal that reads :) María Fernanda Mazzoni. Court Clerk.-----------------------------------------------------

(At the back of the last page there is handwritten text that reads as follows :) - On August 11, 2014 four summonses were issued as ordered on folios 401/409, 3. (There is an illegible signature.) -------------------------------------

On August 12, 2014 notice was served upon the *Escribano* (civil-law notary) Be it placed on record. (There is an illegible signature.) ---------------------------

On August 12, 2014 order of verification was issued. Be it placed on record. (There is an illegible signature.) --------------------------------------------------
-----------------------------------------------------------------------------------

*I, the undersigned, Ana Cicconi, Certified English Translator, holder of Registration No. 1721, Volume VIII, Folio 94 issued by the CTPCBA [Certified Translators' Association in and for the City of Buenos Aires, Republic of Argentina], do hereby certify that the foregoing is a true translation into English of the document written in Spanish hereunto attached.  IN WITNESS WHEREOF, I set my hand and seal [in Spanish language] in the City of Buenos Aires on this twenty-fourth day of the month of October of the year two thousand and seventeen. --------------------------------------------------------------*
-----------------------------------------------------------------------------------

[The following text written in Spanish is included to be filed with the CTPCBA for authentication purposes:] ------------------------------------------------------

*La que suscribe, Ana Cicconi, Traductora Pública en idioma inglés, Matrícula número 1721, Tomo VIII, Folio 94 del CTPCBA, certifica que la presente es traducción fiel y exacta al idioma inglés que consta de 7 páginas del documento adjunto en copia redactado en idioma español que tuvo a la vista para este acto y al cual se remite.  En la Ciudad Autónoma de Buenos Aires, el 24 de octubre de 2017.-------------------------------------------------------------------------*

COLEGIO DE TRADUCTORES PUBLICOS
DE LA CIUDAD DE BUENOS AIRES
Corresponde a la Legalización

Nº 84988/17

MATÍAS GERMÁN DUARTE

ANA CICCONI
TRADUCTORA PÚBLICA IDIOMA INGLES
MAT. C.T.P.C.B.A. Tº VIII Fº 94
INSCRIPCION Nº 1721









# COLEGIO DE TRADUCTORES PÚBLICOS
# DE LA CIUDAD DE BUENOS AIRES

República Argentina
Ley 20305



Por la presente, el COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES,

en virtud de la facultad que le confiere el artículo 10 inc. d) de la ley 20305, certifica únicamente que

la firma y el sello que aparecen en la traducción adjunta concuerdan con los correspondientes

al/a la Traductor/a Público/a    CICCONI, ANA LÍA

que obran en los registros de esta institución, en el folio        del Tomo        en el idioma

                                                94              8              INGLÉS

Legalización número:    **84788**

Buenos Aires,    30/10/2017





MARCELO F. SIGALOFF
Gerente de Legalizaciones
Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

ESTA LEGALIZACIÓN NO SE CONSIDERARÁ VÁLIDA SIN EL CORRESPONDIENTE
TIMBRADO DE CONTROL EN LA ÚLTIMA HOJA DE LA TRADUCCIÓN ADJUNTA

Control interno:    35683984788



Avda. Corrientes 1834 – C1045AAN – Ciudad Autónoma de Buenos Aires – Tel.: 4373-7173 y líneas rotativas

By virtue of the authority vested in the COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Buenos Aires Sworn Translators Association) by Argentine law No. 20 305 section 10(d), I hereby CERTIFY that the seal and signature affixed on the attached translation are consistent with the seal and signature on file in our records.

The Colegio de Traductores Públicos de la Ciudad de Buenos Aires only certifies that the signature and seal on the translation are genuine; it will not attest to the contents of the document.

THIS CERTIFICATION WILL BE VALID ONLY IF IT BEARS THE PERTINENT CHECK STAMP ON THE LAST PAGE OF THE ATTACHED TRANSLATION.

Vu par le COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordre des Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions qui lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20.305, pour la seule légalisation matérielle de la signature et du sceau du Traductor Público (Traducteur Officiel) apposés sur la traduction du document ci-joint, qui sont conformes à ceux déposés aux archives de cette Institution.

LE TIMBRE APPOSÉ SUR LA DERNIÈRE PAGE DE LA TRADUCTION FERA PREUVE DE LA VALIDITÉ DE LA LÉGALISATION.

Il COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordine dei Traduttori abilitati della Città di Buenos Aires) CERTIFICA ai sensi dell'articolo 10, lettera d) della legge 20.305 che la firma e il timbro apposti sulla qui unita traduzione sono conformi alla firma e al timbro del Traduttore abilitato depositati presso questo Ente. Non certifica il contenuto della traduzione sulla quale la certificazione è apposta.

LA VALIDITÁ DELLA PRESENTE CERTIFICAZIONE È SUBORDINATA ALL'APPOSIZIONE DEL TIMBRO DI CONTROLLO DEL CTPCBA SULL'ULTIMA PAGINA DELL'ALLEGATA TRADUZIONE.

Por meio desta legalização, o COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Colégio dos Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições e em conformidade com o artigo 10, alínea "d", da Lei 20.305, somente reconhece a assinatura e o carimbo do Tradutor Público que subscreve a tradução em anexo por semelhança com a assinatura e o carimbo arquivados nos registros desta instituição.

A PRESENTE LEGALIZAÇÃO SÓ TERÁ VALIDADE COM A CORRESPONDENTE CHANCELA MECÂNICA APOSTA NA ÚLTIMA FOLHA DA TRADUÇÃO.

COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Kammer der vereidigten Übersetzer der Stadt Buenos Aires). Kraft der Befugnisse, die ihr nach Art. 10 Abs. d) von Gesetz 20.305 zustehen, bescheinigt die Kammer hiermit lediglich die Übereinstimmung der Unterschrift und des Siegelabdruckes auf der beigefügten Übersetzung mit der entsprechenden Unterschrift und dem Siegelabdruck des vereidigten Übersetzers (Traductor Público) in unseren Registern.

DIE VORLIEGENDE ÜBERSETZUNG IST OHNE DEN ENTSPRECHENDEN GEBÜHRENSTEMPEL AUF DEM LETZTEN BLATT DER BEIGEFÜGTEN ÜBERSETZUNG NICHT GÜLTIG.

*EXHIBIT "C"*



*Poder Judicial de la Nación*

*Juzgado Nacional en lo Comercial N° 19*



Secretaría N° 37

22930/2014

R.R. DONNELLEY ARGENTINA S.A. s/QUIEBRA

Buenos Aires, 13 de octubre de 2017.

       Y VISTOS:

       Mediante resolución dictada el 11 de agosto de 2014 se decretó la quiebra de "R.R. DONNELLEY ARGENTINA S.A." y se dispuso el desapoderamiento de los bienes de la sociedad fallida en los términos del art. 107 de la ley 24.522.

CERTIFICO QUE LA PRESENTE
ES COPIA FIEL A SU ORIGINAL
QUE TENGO A LA VISTA

MARIA FERNANDA MAZZONI
Secretaria

ANA CICCO
TRADUCTORA PUBLICA ID
MAT. C.T.P.C.B.A. T°
INSCRIPCION N°



*Poder Judicial de la Nación*

En virtud de ello, dado que la de
denunció la existencia de fondos depositados en una
cuenta a su nombre en el *"Citibank"* (*Branch Number*
N° 940, *Customer Number*: 4241574, *Account Number*:
36886296-399) y con el objeto de recuperar los
citados fondos, corresponde ordenar la restitución
total de los mismos y la transferencia a una cuenta
en dólares abierta en el Banco de la Ciudad de
Buenos Aires de la República Argentina.

La aludida transferencia deberá
efectivizarse vía *SWIFT* a través de un mensaje *MT
103* a la cuenta en dólares del Banco de la Ciudad de
Buenos Aires.

A los fines indicados, se hace saber
que:

1)   **Banco   Intermediario** (*Intermediary
Bank*):

CERTIFICO QUE LA PRESENTE
ES COPIA FIEL A SU ORIGINAL
QUE TENGO A LA VISTA

MARIA FERNANDA MAZZONI
Secretaria

Secretaría N° 37





*Poder Judicial de la Nación*

SWIFT: SCBLUS33.

Standard Chartered Bank

New York, Estados Unidos.

Secretaría N° 37

**2)    Banco    Beneficiario**    (Beneficiary's

Bank):

SWIFT: BACIARBA

Banco de la Ciudad de Buenos Aires.

Buenos Aires, Argentina.

**3)    Beneficiario:**    CBU    02900759-

10240091108686 cuenta en dólares a nombre de "R.R.

DONNELLEY ARGENTINA S.A. s/ PROPIA QUIEBRA", expte.

N° 22930/2014, en trámite por ante el Juzgado

Nacional de Primera Instancia en lo Comercial N° 19,

Secretaría N° 37, de la Ciudad de Buenos Aires.

CERTIFICO QUE LA PRESENTE
ES COPIA
QUE TENGO

MARIA FERNANDA MAZZONI



*Poder Judicial de la Nación*

**4) Detalle del pago:** orden judicial restitución de fondos depositados en EEUU, propiedad de "R.R. DONNELLEY ARGENTINA S.A.".

Luego de efectivizada la transferencia bancaria, hágase saber al *"Citibank"* que deberá proceder al cierre de la cuenta a nombre de la fallida en ese país.

Se autoriza al síndico designado en el proceso -Cdor. Mario Osvaldo Risso (DNI 10.605.001)- facultado por la ley argentina y en representación de la quiebra, para que en los Estados Unidos de América y bajo la ley de ese país, efectúe las gestiones necesarias a los fines indicados.

Por todo ello, **RESUELVO:** ordenar la restitución y transferencia de los fondos pertenecientes a **"R.R. DONNELLEY ARGENTINA S.A."** depositados en el *"Citibank"* de EEUU, a la cuenta en dólares abierta en el Banco de la Ciudad de Buenos



*Poder Judicial de la Nación*

Aires,   mediante   la   intervención   del

designado  para  que  actuando  bajo  la  ley  de  ese  país

realice  las  gestiones  pertinentes.

Secretaría Nº 37

**GERARDO D. SANTICCHIA**
**JUEZ**

MARIA FERNANDA MAZZONI
Secretaria



*Poder Judicial de la Nación*

ANA CICCO
TRADUCTORA PUBLICA IL
MAT. C.T.P.C.B.A. T°
INSCRIPCION N°

*Juzgado Nacional en lo Comercial N° 19*

Secretaría N° 37

**CERTIFICO:** en mi calidad de secretaria a cargo de la Secretaría N° 37, del Juzgado Nacional de Primera Instancia en lo Comercial N° 19, que teniendo a la vista los autos caratulados **"R.R. DONNELLEY ARGENTINA S.A. s/ propia quiebra"** (expte. n° 22930/2014), con fecha 13/08/14, fue designado síndico el estudio **"RISSO, PLASTINA Y ASOCIADOS"** (Cdor. Mario Osvaldo Risso, DNI 10.605.001) con domicilio en la calle PUMCAHUA 279 2° de ésta Ciudad. Expido el presente en la Ciudad de Buenos Aires, a los 13 días del mes de octubre de 2017.

MARIA FERNANDA MAZZONI
SECRETARIA

CERTIFICO QUE LA PRESENTE
ES COPIA FIEL A SU ORIGINAL
QUE TENGO
MARIA FERNANDA MAZZONI
Secretaria

**TRADUCCIÓN PÚBLICA [CERTIFIED TRANSLATION]** --------------------------

[At the top of all pages there is a seal that reads:) Court of First Instance over Commercial Matters in and for the City of Buenos Aires No. 19. The Judiciary. Republic of Argentina. --------------------------------------------------------------

(At the bottom of all pages there is a seal that reads:) I do hereby certify that it is a true copy of the original document which I have before me. [There is an illegible signature followed by a seal that reads:) María Fernanda Mazzoni. Court Clerk --------------------------------------------------------------------------------

Argentine Judiciary --------------------------------------------------------------------

Court of First Instance over Commercial Matters in and for the City of Buenos Aires No. 19. Court Clerk's Office No. 37.----------------------------------------------

**22930/2014** --------------------------------------------------------------------------

**R.R. DONNELLEY ARGENTINA S.A. S/ QUIEBRA (R.R. DONNELLEY Argentina S.A. for Bankruptcy Proceedings)**--------------------------------------

Buenos Aires, October 13, 2017.--------------------------------------------------

**WHEREAS,** ----------------------------------------------------------------------------

By Decree rendered on August 11, 2014, **R.R. DONNELLEY ARGENTINA S.A.** was adjudged bankrupt and the physical transfer of possession of the bankrupt's company assets was ordered pursuant to Section 77 of Law No. 24,522. (Bankruptcy and Reorganization Proceedings Law)------------------------

Therefore, since the Debtor informed that there were funds deposited in an account held by it at Citibank, Branch No. 940, Customer Number 4241574, Account Number 36886296-399, and for the purpose of recovering the funds held in the account mentioned *ut supra*, it corresponds to order that such funds be returned in full and be transferred to a US dollar account opened in Banco de la Ciudad de Buenos Aires in the Republic of Argentina. ---------------

The relevant transfer shall be made via SWIFT, through MT 103 message to the US dollar account held at Banco de la Ciudad de Buenos Aires. --------------

For the purposes hereof, the following information is provided:------------------

1) **Intermediary Bank:** ---------------------------------------------------------------

SWIFT: SCBLUS33 --------------------------------------------------------------------

Standard Chartered Bank -------------------------------------------------------------

New York, United States of America -------------------------------------------------

2) **Beneficiary's Bank:** ---------------------------------------------------------------

SWIFT: BACIARBA ----------------------------------------------------------------------

Banco de la Ciudad de Buenos Aires -------------------------------------------------

ANA C
TRADUCTORA PUB
MAT. C.T.P.C.
INSCRIPC

CONI
ICA IDIOMA INGLES
A. T° VIII·F° 94
N·N° 1721

Buenos Aires, Argentina --------------------------------------------------------------

3) **Beneficiary:** CBU 02900759-10240091108686. US Dollar Account held to the name of R.R. DONNELLEY ARGENTINA S.A. S/PROPIA QUIEBRA. (R.R. Donnelley Argentina S.A. for Voluntary Bankruptcy Proceedings)", File No. 22930/2014, being heard by Court of First Instance over Commercial Matters in and for the City of Buenos Aires No. 19, Court Clerk's Office No. 37. --------------------------------------------------------------

4) **Payment details:** Court order of restitution of funds deposited in the United States of America owned by R.R. DONNELLEY ARGENTINA S.A."---------Upon completion of bank transfer, Citibank shall be informed to proceed to close the account held to the name of the Bankrupt in the United States of America.--------------------------------------------------------------

Accountant Mario Osvaldo Risso, ID (DNI) No. 10.605.001, the Trustee in Bankruptcy appointed in these proceedings, is authorized by the Argentine Law and on behalf of the bankruptcy estate, so that for the purposes hereof, he may take all the necessary actions in the United States of America pursuant to the laws of the United States of America. -------------------------------

Therefore, IT IS HEREBY RESOLVED: to order the restitution of the funds owned by R.R. DONNELLEY ARGENTINA S.A. which are deposited in Citibank, United States of America, transferring such funds to an account opened in Banco de la Ciudad de Buenos Aires. For such purpose, the Trustee in Bankruptcy appointed in these proceedings, acting pursuant to the laws of the United States of America, shall take all the relevant actions. -------------------

There is an illegible signature followed by a seal that reads :) Gerardo D. Santicchia. Judge. --------------------------------------------------------------

Argentine Judiciary --------------------------------------------------------------

Court of First Instance over Commercial Matters in and for the City of Buenos Aires No. 19. Court Clerk's Office No. 37.-------------------------------------------

[There is a seal that reads :) Court of First Instance over Commercial Matters in and for the City of Buenos Aires No. 19. The Judiciary. Republic of Argentina --------------------------------------------------------------

In my capacity as Clerk in charge of Court Clerk's Office No. 37 of the Court of First Instance over Commercial Matters in and for the City of Buenos Aires No. 19, and having before me the file of the case **R.R. DONNELLEY ARGENTINA S.A. S/PROPIA QUIEBRA. (R.R. Donnelley Argentina S.A. for Voluntary Bankruptcy Proceedings)** (File No. 22930/2014), I HEREBY

CERTIFY that on August 13, 2014, Estudio "RISSO, PLASTINA Y ASOCIADOS" (Accountant Mario Osvaldo Risso, ID (DNI) No. 10.605.001, domiciled at calle Pumcahua 279, "2", City of Buenos Aires, was appointed as Trustee in Bankruptcy in these proceedings. -------------------------------------------------------

Issued in Buenos Aires, on October 13, 2017 -------------------------------------------

[There is an illegible signature followed by a seal that reads:] Maria Fernanda Mazzoni. Court Clerk.-------------------------------------------------------------------

[At the bottom of the page there is a seal that reads :) I do hereby certify that it is a true copy of the original document which I have before me. [There is an illegible signature followed by a seal that reads:) María Fernanda Mazzoni. Court Clerk.-------------------------------------------------------------------

-------------------------------------------------------------------

*I, the undersigned, Ana Cicconi, Certified English Translator, holder of Registration No. 1721, Volume VIII, Folio 94 issued by the CTPCBA [Certified Translators' Association in and for the City of Buenos Aires, Republic of Argentina], do hereby certify that the foregoing is a true translation into English of the document written in Spanish hereunto attached. IN WITNESS WHEREOF, I set my hand and seal [in Spanish language] in the City of Buenos Aires on this twenty-fourth day of the month of October of the year two thousand and seventeen. -------------------------------------------------------------*

-------------------------------------------------------------------

[The following text written in Spanish is included to be filed with the CTPCBA for authentication purposes:] -------------------------------------------------

*La que suscribe, Ana Cicconi, Traductora Pública en idioma inglés, Matrícula número 1721, Tomo VIII, Folio 94 del CTPCBA, certifica que la presente es traducción fiel y exacta al idioma inglés que consta de 3 páginas del documento adjunto en copia redactado en idioma español que tuvo a la vista para este acto y al cual se remite. En la Ciudad Autónoma de Buenos Aires, el 24 de octubre de 2017.-----------------------------------------------------------*



COLEGIO DE TRADUCTORES PUBLICOS
DE LA CIUDAD DE BUENOS AIRES
Corresponde a la Legalización

ANA CICCONI
TRADUCTORA PUBLICA IDIOMA INGLES
MAT. C.T.P.C.B.A. T° VIII F° 94
INSCRIPCION N° 1721









# COLEGIO DE TRADUCTORES PÚBLICOS
## DE LA CIUDAD DE BUENOS AIRES

República Argentina
Ley 20305

# LEGALIZACIÓN

Por la presente, el COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES,

en virtud de la facultad que le confiere el artículo 10 inc. d) de la ley 20305, certifica únicamente que

la firma y el sello que aparecen en la traducción adjunta concuerdan con los correspondientes

al/a la Traductor/a Público/a    CICCONI, ANA LÍA

que obran en los registros de esta institución, en el folio        del Tomo        en el idioma

                                              94            8                 INGLÉS

Legalización número:  **84787**

Buenos Aires,  30/10/2017





MARCELO F. SIGALOFF
Gerente de Legalizaciones
Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

**ESTA LEGALIZACIÓN NO SE CONSIDERARÁ VÁLIDA SIN EL CORRESPONDIENTE
TIMBRADO DE CONTROL EN LA ÚLTIMA HOJA DE LA TRADUCCIÓN ADJUNTA**

Control interno:  35683984787



Avda. Corrientes 1834 – C1045AAN – Ciudad Autónoma de Buenos Aires – Tel.: 4373-7173 y líneas rotativas

By virtue of the authority vested in the COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Buenos Aires Sworn Translators Association) by Argentine law No. 20 305 section 10(d), I hereby CERTIFY that the seal and signature affixed on the attached translation are consistent with the seal and signature on file in our records.
The Colegio de Traductores Públicos de la Ciudad de Buenos Aires only certifies that the signature and seal on the translation are genuine; it will not attest to the contents of the document.
THIS CERTIFICATION WILL BE VALID ONLY IF IT BEARS THE PERTINENT CHECK STAMP ON THE LAST PAGE OF THE ATTACHED TRANSLATION.

Vu par le COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordre des Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions qui lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20.305, pour la seule légalisation matérielle de la signature et du sceau du Traductor Público (Traducteur Officiel) apposés sur la traduction du document ci-joint, qui sont conformes à ceux déposés aux archives de cette Institution.
LE TIMBRE APPOSÉ SUR LA DERNIÈRE PAGE DE LA TRADUCTION FERA PREUVE DE LA VALIDITÉ DE LA LÉGALISATION.

Il COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordine dei Traduttori abilitati della Città di Buenos Aires) CERTIFICA ai sensi dell'articolo 10, lettera d) della legge 20.305 che la firma e il timbro apposti sulla qui unita traduzione sono conformi alla firma e al timbro del Traduttore abilitato depositati presso questo Ente. Non certifica il contenuto della traduzione sulla quale la certificazione è apposta.
LA VALIDITÁ DELLA PRESENTE CERTIFICAZIONE È SUBORDINATA ALL'APPOSIZIONE DEL TIMBRO DI CONTROLLO DEL CTPCBA SULL'ULTIMA PAGINA DELL'ALLEGATA TRADUZIONE.

Por meio desta legalização, o COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Colégio dos Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições e em conformidade com o artigo 10, alínea "d", da Lei 20.305, somente reconhece a assinatura e o carimbo do Tradutor Público que subscreve a tradução em anexo por semelhança com a assinatura e o carimbo arquivados nos registros desta instituição.
A PRESENTE LEGALIZAÇÃO SÓ TERÁ VALIDADE COM A CORRESPONDENTE CHANCELA MECÂNICA APOSTA NA ÚLTIMA FOLHA DA TRADUÇÃO.

COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Kammer der vereidigten Übersetzer der Stadt Buenos Aires). Kraft der Befugnisse, die ihr nach Art. 10 Abs. d) von Gesetz 20.305 zustehen, bescheinigt die Kammer hiermit lediglich die Übereinstimmung der Unterschrift und des Siegelabdruckes auf der beigefügten Übersetzung mit der entsprechenden Unterschrift und dem Siegelabdruck des vereidigten Übersetzers (Traductor Público) in unseren Registern.
DIE VORLIEGENDE ÜBERSETZUNG IST OHNE DEN ENTSPRECHENDEN GEBÜHRENSTEMPEL AUF DEM LETZTEN BLATT DER BEIGEFÜGTEN ÜBERSETZUNG NICHT GÜLTIG.

*EXHIBIT "D"*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                        Chapter 15

R.R. DONNELLEY ARGENTINA, S.A.                               Case No.:

      Debtor in a Foreign Proceeding.
_____/

**ORDER GRANTING RECOGNITION OF FOREIGN**
**MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF**
**THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

      This matter came on for hearing on _____ ____, 2018 ("Hearing"), upon the Motion for Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517 and Request for Hearing ("Chapter 15 Petition") (ECF No. ___), of Mr. Mario Osvaldo Risso as liquidator ("Foreign Representative") of R.R. Donnelley Argentina, S.A. ("Donnelley" or "Debtor"), seeking recognition and related relief pursuant to Chapter 15 of the Bankruptcy Code, of the foreign bankruptcy proceeding of Debtor (the "Foreign Proceeding") pending before the 19th Commercial Court in Argentina (the "Argentine Court"). The Court, having considered the Chapter 15 Petition, its attachments, the argument of counsel at the Hearing, and being otherwise duly informed, makes the following order.

      The Court finds:

      A.     Due and timely notice of the filing of the Chapter 15 Petition and the Hearing was given by the Foreign Representative as directed by this Court and

      B.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

C.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E.      Mr. Mario Osvaldo Risso qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24).

F.      This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515, 1517.

G.      Foreign Representative has met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H.      The Foreign Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I.      The Foreign Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517.

J.      The Foreign Proceeding is pending in Buenos Aires, Argentina.  Debtor has its center of main interests in Argentina, and, accordingly, the Foreign Proceeding is a foreign main proceeding, under 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

K.      Foreign Representative is entitled to all relief provided under 11 U.S.C. § 1520, without limitation.

L.      Foreign Representative is further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

M.      The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted

2

pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of Donnelley, or other parties that is not outweighed by the benefits of the relief being granted.

Accordingly, it is ORDERED AND ADJUDGED that:

1.  The Foreign Proceeding is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2.  The Foreign Proceeding, including the orders of the Argentine Court commencing the Foreign Proceeding and appointing Mr. Risso as liquidator attached to the Chapter 15 Petition, shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.

3.  Foreign Representative is entrusted with the full administration and realization of all or a part of the Debtor's bankruptcy estate and assets within the territorial jurisdiction of the United States.

4.  Foreign Representative shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

5.  The provisions of 11 U.S.C. § 1520 apply, without limitation, to this proceeding.

6.  All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtor or the Debtor's bankruptcy estate, located in the United States.

7.  All persons and entities are stayed from executing against the assets, of the Debtor or the Debtor's bankruptcy estate, located in the United States.

8.  All persons and entities are prohibited from transferring, encumbering or otherwise disposing of any assets, of the Debtor or the Debtor's bankruptcy estate, located in the United States.

3

9.      All persons and entities provided notice of the Chapter 15 Petition and the Hearing thereon who are in possession, custody or control of property, or the proceeds thereof, of the Debtor or the Debtor's bankruptcy estate, located within the territorial jurisdiction of the United States, shall immediately advise Foreign Representative by written notice sent to the following addresses:

> Mario Osvaldo Risso
> Risso, Plastina y Asociados
> Calle Pumacahua 279, Piso 2°
> Buenos Aires, Argentina

With a copy to:

> Attn: Arnoldo B. Lacayo
> Cristina Vicens Beard
> Sequor Law, P.A.
> 1001 Brickell Bay Drive, 9th Floor
> Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity.

10.      Foreign Representative is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor or the Debtor's bankruptcy estate pursuant to §1521(a)(4), the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

11.      Foreign Representative is further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

12.      This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought

in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

13.    This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

14.    Foreign Representative is directed to serve a true and correct copy of this Order in accordance with Rule 2002(q) of the Federal Rules of Bankruptcy Procedure.

15.    A motion to vacate or to dismiss this Order or otherwise object to recognition may be filed no later than the 60th day after the first date that any person or entity receives notice of this Order.

# # #

Submitted by:

Arnoldo B. Lacayo, Esq.
Cristina Vicens Beard, Esq.
SEQUOR LAW, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: alacayo@sequorlaw.com
cvicens@sequorlaw.com
Arnoldo B. Lacayo shall serve a copy of this Order on all interested parties entitled to service and file a certificate of service thereafter.